IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN LYONS,<br><br>   Plaintiff,<br><br>v.<br><br>LT. WISE, TENIELLE FITZJARRALD, and ADAM CASOLORI,<br><br>   Defendants. | Case No. 24-cv-106-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the Court on Lyons's motion for preliminary injunction (Doc. 24) and motion to amend complaint (Doc. 25). Defendants have filed a response in opposition to Lyons's motion for preliminary injunction (Doc. 37).

### A. Motion for Preliminary Injunction

Lyons's motion for preliminary injunction asks for a Court Order requiring the defendants to preserve exculpatory evidence (Doc. 24). Specifically, Lyons seeks the preservation of video camera footage of the incidents associated with his disciplinary tickets. He alleges that he requested the footage in his disciplinary hearing because the footage would have demonstrated his innocence as to his disciplinary tickets.

1

Simply put, Lyons's request is moot because the video footage no longer exists. In response to the motion, Defendants indicated that they do not have access to or control over the video footage taken at Lawrence Correctional Center. Bert Lathrop, an internal affairs lieutenant at Lawrence, attested in his affidavit that none of the identified defendants works in the internal affairs unit at the prison (Doc. 37-1, p. 1). When internal affairs opens an investigation, then available video footage is preserved for the case (*Id.* at p. 2). The video footage is in the control of internal affairs and the investigations unit (*Id.* at p. 1). Because none of the defendants are part of those units, they do not have control over the video footage, nor do they have an ability to preserve or hold the footage.

Further, the video footage runs on a continuous loop and records over existing footage unless someone from internal affairs specifically saves the footage (*Id.* at p. 2). Lathrop attested that footage is available for approximately 12 to 30 days before it is recorded over by the system (*Id.*). Because Lyons's claims involve events that occurred in 2022, the video footage was most likely automatically overwritten (*Id.*). Lathrop attested that he specifically searched for the dates in question, including July 20, 2022, September 29, 2022, and October 5, 2022, and the video footage for the dates and locations identified do not exist (*Id.*). Thus, Lyons's request to preserve the footage is now **MOOT** because the footage was automatically overwritten years before Lyons's request.

B. **Motion to Amend**

Lyons's motion to amend asks to add additional defendants and claims that he alleges occurred prior to filing of his original lawsuit. It appears that Lyons seeks to re-allege claims against previously dismissed defendants as well as add six additional

defendants. But the proposed Amended Complaint does not comply with SDIL Local Rule 15.1, which requires that all new material in the pleading be underlined. Lyons's failure to underline his new allegations makes it difficult to assess his proposed new claims. He also appears to raise claims unrelated to the current claims in his lawsuit. He alleges that he was forced to send personal items home and that some of the items were confiscated. He also alleges that he was denied out of his cell for his job, ultimately lost his job, and was refused clinical services. The allegations in the proposed Amended Complaint appear to be unrelated to the remaining claims in this case, which focus on two occasions where Lyons allegedly received false disciplinary tickets (Doc. 13, p. 7). Thus, his request to amend (Doc. 25) is **DENIED**. To the extent Lyons wishes to raise new claims, he would need to file a new lawsuit after first exhausting his administrative remedies. To the extent he seeks to re-allege previously dismissed claims or add additional defendants to the original claims, he would need to submit a proposed amended pleading with his motion that underlines the new allegations.

    **IT IS SO ORDERED.**

    DATED:  July 12, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**