IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARTIN LYONS,

     Plaintiff,

v.

    Case No. 3:24-CV-00106-NJR

LANCE WISE, TENIELLE
FITZJARRALD, and
ADAM CASOLORI,

     Defendants.

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections ("IDOC"), brings this action against three state officials alleging violations of his First Amendment rights while he was incarcerated at the Lawrence Correctional Center ("LCC"). Lyons alleges that after he submitted several grievances, Defendants Tenielle Fitzjarrald, Lance Wise, and Adam Casolori retaliated against him by issuing false disciplinary tickets and sending him to segregation. On April 11, 2024, the Court issued a merits review order where it allowed two counts under the First Amendment to proceed to discovery (one against Fitzjarrald and the other against Wise and Casolori). (Doc. 13).

Now in discovery, Lyons is dissatisfied with the evidence Defendants have produced. He has filed three motions to compel — one against each Defendant — asking the Court to order them to amend their responses or overrule their objections. (Docs. 95,

96, and 98). With Defendants' submission of a consolidated opposition (Doc. 101), these motions are ripe for disposition.

## BACKGROUND

On July 20, 2022, Lyons was in the law library at LCC speaking with another inmate. Fitzjarrald walked by with another inmate and entered the library supervisor's office. After Fitzjarrald left the library, a lieutenant pulled Lyons from the library and questioned him about threats he allegedly made towards Fitzjarrald. Lyons denied the accusations, and the law librarian stated that she did not see or hear any threats from Lyons. Lyons was taken to segregation and issued a disciplinary ticket for threatening Fitzjarrald. He alleges that the disciplinary ticket was a complete fabrication. Lyons was nevertheless found guilty of the charges and received seven days in segregation.

On September 29, 2022, after Lyons had submitted several grievances against prison staff, Wise approached Lyons's cell and directed him to cuff up. Wise told Lyons that he had written his last grievance at LCC. Lyons was placed on investigative status and transferred to segregation. Wise directed Casolori to write a ticket against Lyons that would stick in order to get him transferred to another prison. Casolori did as instructed and issued a disciplinary ticket for threats. Lyons contends that this ticket too was fabricated and issued in retaliation for writing grievances.

## LEGAL STANDARD

"District courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any non-

privileged matter that is relevant to any party's claim or defense," and public policy favors the disclosure of relevant materials. *Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 WL 6059770, at *1 (N.D. Ill. Dec. 7, 2017) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)). But the scope of discovery also has its limits. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Courts "must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED R. CIV. P. 26(b)(2)(C).

### DISCUSSION

Lyons, as noted, has filed three motions to compel: one against each Defendant. Each of these motions seeks an order directing Defendants to answer certain interrogatories under Federal Rule of Civil Procedure 33, respond to requests for admission under Rule 36, and produce documents under Rule 34. In total, Lyons contests Defendants' responses to 25 interrogatories, 21 requests for admission, and 33 requests for production. After careful review of the disputed discovery requests, the Court finds that Defendants properly responded to many of them. Some of their responses, however, require supplementation to satisfy the requirements of Rules 26, 33, 34, and 36.

1.  <u>Motion to Compel Discovery from Defendant Lance Wise (Doc. 95)</u>

Plaintiff's motion to compel discovery from Wise challenges his responses to eight interrogatories, seven requests for admission, and 12 requests for production.

<em>a.    Interrogatories</em>

Lyons contests Wise's answers to interrogatories 3, 4, 5, 9, 10, 11, 14, and 15. After careful review, the Court finds that Wise properly responded or objected to interrogatories 4, 5, 9, 10, 11, and 14. Lyons's motion is therefore **DENIED** insofar as it concerns those interrogatories.

Interrogatory 3 asks: "Do you have sufficient knowledge as to why Plaintiff was removed/extracted/escorted from his cell and placed under investigation/investigative status on September 29, 2022." Wise responded: "Plaintiff was placed on investigative status on September 29, 2022 and, pursuant to procedure, was placed in restrictive housing." This response does not answer the question of whether Wise has "sufficient knowledge" of *why* Plaintiff was removed from his cell and placed on investigative status. Wise is therefore **DIRECTED** to amend his response to this interrogatory by stating whether he has "sufficient knowledge" of the reason why Plaintiff was removed from his cell and placed on investigative status. If he has such knowledge, Wise is **DIRECTED** to briefly explain what he knows about the circumstances that led to this event.

Interrogatory 15 asks whether Wise has "experience" writing disciplinary tickets, "knowledge" about certain institutional rules and directives, and whether he has ever served on LCC's "Adjustment Committee." Answers to these subparts of interrogatory 15 may lead to the discovery of relevant evidence because Defendants may

Page 4 of 9

rebut Lyons's First Amendment retaliation claims by demonstrating that their actions were motivated by the need to enforce a prison policy, rather than Lyons's submission of grievances. *Whitfield v. Spiller*, 76 F.4th 698, 712 (7th Cir. 2023). At a minimum, Wise's understanding of disciplinary procedures and institutional rules and guidelines is relevant to such a defense, and therefore discoverable under Rule 26. Accordingly, Wise is **DIRECTED** to answer subparts (A), (B), and (C) of interrogatory 15.

### b.    Requests for Production

Lyons contests Wise's responses to requests for production 1, 2, 3, 4, 5, 6, 7, 9, 10, 13, 14, and 15. After careful review, the Court finds that Wise properly responded or objected to requests 2, 3, 4, 5, 6, 7, 9, 10, 13, 14, and 15. Lyons's motion to compel is therefore **DENIED** insofar as it concerns those requests.

Request for Production No. 1 seeks the production of "administrative/institutional directives," concerning Wise's "duties, obligations, and responsibilities," and disciplinary guidelines for staff who engage in misconduct. Wise refused to produce documents responsive to this request because they are, in his view, not relevant to Plaintiff's constitutional claims under the Seventh Circuit's decision in *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). There, the court found that the violation of internal police guidelines was "completely immaterial" to Plaintiff's constitutional claim under the Fourth Amendment. *Id.* But that finding arose in the context of an *admissibility* challenge (a motion *in limine*); it did not address discoverability. Since *Thompson*, moreover, the Seventh Circuit has clarified that "there is no *per se* rule against the admission of police policies or training." *United States v. Proano*, 912 F.3d

431, 439 (7th Cir. 2019); *see also United States v. Brown*, 871 F.3d 532, 871 F.3d 532, 537 (7th Cir. 2017) ("*Thompson* should not be understood as establishing a rule that evidence of police policy or procedure will never be relevant to the objective-reasonableness inquiry."). So, while *Thompson* stands for the proposition that constitutional claims are not dependent on violations of institutional directives, it does not resolve the question of whether such documents may be discoverable under Rules 26 and 34—especially in the context of a First Amendment retaliation claim. *See Whitfield*, 76 F.4th at 713; *Finnegan v. Baldwin*, No. 3:20-cv-00218, 2022 WL 1499752, at *2-4 (S.D. Ill. May 12, 2022) (ordering prison official to produce his disciplinary records and rejecting relevance argument under *Thompson* because it "conflate[d] evidentiary standards for trials with the more relaxed standards governing discovery").

Accordingly, Plaintiff's motion to compel is **GRANTED** with respect to Request for Production No. 1. Wise is **DIRECTED** to produce responsive documents in his possession within 30 days of this Order.

c.    *Requests for Admission*

Lyons contests Wise's responses to Requests for Admission 2, 4, 5, 7, 8, 9, and 10. The Court has carefully reviewed Wise's responses and objections to these requests and finds that they satisfy his obligations under Rule 36. Accordingly, Lyons's motion to compel is **DENIED** insofar as it challenges Wise's responses to his requests for admission under Rule 36.

2. <u>Motion to Compel Discovery from Defendant Adam Casolori (Doc. 96)</u>

Lyons's motion to compel discovery from Defendant Adam Casolori challenges

his responses to seven interrogatories, six requests for admission, and eight request for production.

### a. Interrogatories

Lyons contests Casolori's answers to interrogatories 4, 6, 7, 8, 11, 13, and 15. The Court has carefully reviewed Casolori's answers and objections to these interrogatories and finds that they satisfy his obligations under Rule 33. Accordingly, Lyons's motion to compel is **DENIED** insofar as it challenges Casolori's answers to his interrogatories under Rule 33.

### b. Requests for Production

Lyons contests Casolori's responses to requests for production 1, 3, 5, 6, 10, 12, 13, and 14. After careful review, the Court finds that Casolori properly responded or objected to requests 6, 10, 13, and 14. Lyons offered no argument as to requests 3 and 12. Lyons's motion to compel is therefore **DENIED** insofar as it concerns those requests.

Request for Production No. 1 seeks (A) institutional directives related to "cell extractions," (B) "standards of conduct" for staff at LCC, (C) "instructions on what an employee [is] supposed to follow before imposing disciplinary reports," and (D) documents showing "why [certain] camera footage was not preserved." Casolori objected to this request on relevance grounds under *Thompson* (*see* section 1.b., *supra*). As explained, *Thompson* does not support the contention that institutional directives, regulations, and standards of conduct are not discoverable in a civil action. The same is true of documents showing video retention practices at LCC.

Request for Production No. 5 seeks an institutional "Administration of Discipline"

manual governing the issuance of disciplinary tickets to inmates. Here too, Casolori objected on relevance grounds under *Thompson*. That objection is overruled for the reasons previously given.

Accordingly, Plaintiff's motion to compel is **GRANTED** with respect to requests for production 1 and 5. Casolori is **DIRECTED** to produce responsive documents in his possession within 30 days of this Order.

### c.    Requests for Admission

Lyons contests Casolori's responses to requests for admission 3, 4, 5, 6, 7, and 10. After careful review, the Court finds that Casolori properly responded or objected to requests 3, 4, 5, 7, and 10. Lyons's motion to compel is therefore **DENIED** insofar as it concerns those requests.

Request for admission 6 asks Casolori to admit that he is "obligated to following/complying [sic] with all IDOC administrative/institutional directives including but not limited to complying with verbal orders issued by proper authorities." Casolori's response to this request does not address his duty to follow "administrative/institutional directives." Casolori is therefore **DIRECTED** to amend his response to this request so that it addresses his obligation to comply with "administrative/institutional directives."

3.   Motion to Compel Discovery from Defendant Tenielle Fitzjarrald (Doc. 98)

Plaintiff's motion to compel written discovery from Fitzjarrald challenges her responses to ten interrogatories, eight requests for admission, and 13 requests for production. After careful review, the Court finds that Fitzjarrald's responses to all 31 of

these requests are appropriate. Accordingly, Lyons's motion to compel written discovery responses from Fitzjarrald (Doc. 98) is **DENIED in full**.

CONCLUSION

For these reasons, Plaintiff Martin Lyons's motions to compel written discovery from Defendants Lance Wise and Adam Casolori (Docs. 95 and 96) are **GRANTED in part** and **DENIED in part**. Lyons's motion to compel written discovery from Defendant Tenielle Fitzjarrald (Doc. 98) is **DENIED in full.**

Defendants are **ORDERED** to supplement their responses to the discovery requests identified in this order within **30 days**. If a modification of the current scheduling order is necessary to accomplish these remaining tasks, the parties may seek an extension of relevant deadlines after conferring in good faith.

**IT IS SO ORDERED.**

**DATED:  June 22, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**