**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARTIN LYONS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LANCE WISE,**<br>**TANIELLE FITZJARRALD, and**<br>**ADAM CASOLORI,**<br><br>**Defendants.** | **Case No. 3:24-CV-00106-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections ("IDOC"), brings this action against three state officials for allegedly violating his First Amendment rights while he was incarcerated at the Lawrence Correctional Center ("LCC"). Lyons claims that after he submitted several grievances, Defendants Tenielle Fitzjarrald, Lance Wise, and Adam Casolori retaliated against him by issuing false disciplinary tickets and sending him to segregation. (Doc. 1). On June 16, 2025, the Court allowed discovery to proceed. (Doc. 71).

Lyons has recently filed a Motion to Compel (Doc. 154), challenging the sufficiency of Defendants' responses to his Requests for Production and Requests for Admission. With Defendants' submission of a reply (Doc. 157) and Lyons's response to it (Doc. 158), this motion is ripe for disposition. For the reasons stated below, the Court grants in part, stays in part, and denies in part Lyons's Motion to Compel (Doc. 154).

## BACKGROUND

In his complaint, Lyons alleges the following. (Doc. 1). On July 20, 2022, Lyons was in the law library at LCC speaking with another inmate. Fitzjarrald walked by with another inmate and entered the library supervisor's office. After Fitzjarrald left the library, a lieutenant pulled Lyons from the library and questioned him about threats he allegedly made against Fitzjarrald. Lyons denied the accusations, and the law librarian stated that she did not see or hear any threats from Lyons. Lyons was taken to segregation and issued a disciplinary ticket for threatening Fitzjarrald. He alleges that the disciplinary ticket was a complete fabrication. Lyons was nevertheless found guilty of the charges and received seven days in segregation.

On September 29, 2022, after Lyons had submitted several grievances against prison staff, Wise approached Lyons's cell and directed him to cuff up. Wise told Lyons that he had written his last grievance at LCC. Lyons was placed on investigative status and transferred to segregation. Wise directed Casolori to write a ticket against Lyons that would stick in order to get him transferred to another prison. Casolori did as instructed and issued a disciplinary ticket for threats. Lyons contends that this ticket, too, was fabricated and issued in retaliation for writing grievances. On October 22, 2022, Lyons was transferred to Menard.

Turning to the discovery dispute, on July 9, 2026, Lyons propounded multiple interrogatories, requests for production, and requests for admission directed to Defendants. (Doc. 157, p. 1). The responses were due on August 9, 2026. (Doc. 151, p. 1). On August 7, Defendants' counsel mailed these responses, including unsigned

interrogatories, to Lyons. (Doc. 157, p. 2). On August 18, Defendants' counsel re-sent the interrogatories with the appropriate signatures. (*Id*.).

By August 21, Lyons had only received the responses to his interrogatories. On August 31, he filed a Motion to Compel (Doc. 151), requesting that the Court order responses to the unreceived written discovery. On September 1, Lyons finally received the remaining responses in the mail. (Doc. 154, p. 1). He then filed the instant motion, reframing the dispute (begun in Doc. 151) as a challenge to the sufficiency of Defendants' responses. (*Id*.).

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)). A party may file a motion to compel discovery if a party fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Nevertheless, requested discovery must be "reasonably tailored" to

produce information that bears on a party's claims as alleged in the complaint. *Smith v. Portwood*, No. 19 C 5329, 2021 WL 4318076, at *2 (N.D. Ill. Sept. 23, 2021). "Completely open-ended discovery requests without time limitations rarely, if ever, withstand scrutiny." *Davis v. Mitchell*, No. 19 C 3212, 2022 WL 2073010, at *2 (N.D. Ill. June 9, 2022) (collecting cases). A court is not required to re-write an overbroad discovery request for the parties. *Arsberry v. Wexford Health Sources, Inc.*, No. 3:17-CV-50044, 2021 WL 5232733, at *2 (N.D. Ill. Nov. 10, 2021).

## DISCUSSION

As a preliminary matter, the Court addresses two issues raised by the parties. First, Defendants allege that Lyons's "motion does not contain" a mandatory Rule 37(a)(1) certification of conferral or attempted conferral with Defendants' counsel. *See* Fed. R. Civ. P. 37(a)(1). However, Lyons has submitted a reply detailing his multiple attempts at conferral (Doc. 158); he also states in his motion to compel (Doc. 154) that "plaintiff was unable to properly meet and confer because the undersigned counsel is not interested to cooperate any longer." In recognition of his *pro se* status, the Court "liberally construe[s]" these writings to fulfill the Rule 37(a)(1) certification requirement. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Second, Lyons alleges that Defendants' failure to "obtain the signatures of the defendants" on the written discovery responses sent on August 7, 2026 constitutes bad faith. (Doc. 158). However, Defendants sent Lyons a corrected version with the required signatures on August 18, 2026. Where "a signature is *promptly* supplied after the omission

is called to the attorney's or party's attention," a court need not strike the response. Fed. R. Civ. P. 26(g)(2). As such, the Court declines to strike Defendants' production or find that Defendants acted in bad faith, but it reminds counsel that discovery responses must be signed at the time they are served, Fed. R. Civ. P. 26(g)(1), and cautions that future failures to do so may result in the responses being stricken.

## I. Requests for Production ("RFP")

### *A. RFP #2*

> **"Produce: All evidence that supports your defenses in this case that will be used at summary judgment and trial, including but not limited to, your sworn testimony in affidavits or other documentary means."**

Defendants in response direct Lyons to the various discovery materials they have already produced in this case, including sworn documentation. Lyons challenges this response as insufficient. Unfortunately, however, Lyons does not explain how it is insufficient or which discovery materials he still lacks.

As such, the Court **DENIES** his motion to compel with respect to RFP #2.

### *B. RFP #4*

> **"Produce: All of your disciplinary records, incident reports, investigations and/or reports lodged against you for violations of staff conduct/misconduct, conduct that is detrimental to IDOC or any related misconduct to the nature of this case, which includes sanctions, suspensions, administrative leaves from 2017 through 2022."**

Defendants object to this request on the grounds that it is irrelevant to Lyons's first amendment claim and because employment records are confidential.

This Court has held that disciplinary records are discoverable where they might

lead to the discovery of relevant evidence. *See Finnegan v. Baldwin*, No. 3:20-CV-00218-GCS, 2022 WL 1499752, at *2 (S.D. Ill. May 12, 2022) ("the Court finds that portions of Defendant['s] disciplinary file either are relevant or may lead to the discovery of relevant evidence . . . Moreover, though Defendant [] has a privacy interest in his disciplinary records, that interest is outweighed by the potential relevancy of these documents at this stage of the proceedings."); (Doc. 130, p. 6).

Here, Lyons has not explained the relevance of this request for production. However, construing his *pro se* motion liberally, production of these records *may* lead to the discovery of evidence that is relevant to Lyons's First Amendment claim, such as Defendants' motive or intent behind the alleged retaliatory actions. *Cf. Gevas v. McLaughlin*, 798 F.3d 475, 486 (7th Cir. 2015) (holding that the district court abused its discretion in denying a *pro se* prisoner's request for another prisoner's disciplinary records, even though the plaintiff offered "only boilerplate as justification," and suggesting *in camera* review to determine relevance and a protective order to address security concerns). The Court is also mindful of course of Defendants' confidentiality concerns.

Thus, the Court **ORDERS** Defendants to produce the requested documents to the Court for *in camera* review. The documents must be Bates-labeled and produced on or before **November 25, 2026**. They may be emailed to NJRpd@ilsd.uscourts.gov. The Court's ruling on this request for production is **STAYED** pending completion of the *in camera* review.

Furthermore, the deadlines for dispositive motions (November 3, 2026, for Lyons's

upcoming Motion for Summary Judgment, Doc. 162, and November 19, 2026, for Defendants' upcoming Motion for Summary Judgment, Doc. 164) are **STAYED** pending the Court's order on this request for production.

*C. RFP #5*

> **"Produce: All correctional counselor administrative directives/institutional directives; 04.01.120 and 05.03.110 . . . that demonstrates [sic] all duties Fitzjarrald had towards providing plaintiff with clinical services."**

Lyons explains that RFP #5 is relevant because he "wrote grievances against defendant Fitzjarrald for not providing him with clinical services and she retaliated against him because of his grievances." As such, the information about "what her clinic services/duties were . . . bring credence to one of the reasons plaintiff wrote the grievance against her." (Doc. 154, p. 2).

Defendants' primary objection is that Lyons does not specify that he is requesting administrative directives about the duties and responsibilities of a correctional counselor, and thus his request encompasses irrelevant information. (Doc. 157, p. 5). This is plainly incorrect. The plain text of Lyons's request properly limits his production request to directives concerning the clinical services Fitzjarrald provided to Lyons.

Therefore, the Court **GRANTS** Lyons's Motion to Compel with respect to RFP #5.

## II. Requests for Admission ("RFA")

*A. RFA #4*

> *Directed to Defendant Casolori*: **"Admit: Because of the DOC 0317 IDR I wrote against Plaintiff on September 29, 2022, he got transferred to Menard Correctional Center on October 22, 2022."**

Casolori responded that "[a]fter reasonable inquiry," he does not have sufficient information to admit or deny and that the request "assumes a level of knowledge attributable to Defendant Casolori that does not exist." (*Id*.).

Lyons challenges the sufficiency of this response, saying "[h]ow can you quote that you can't admit or deny a fact known in the record[?]" (Doc. 154).

The Court agrees. Rule 36 specifies that:

> A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(1)(4).

Lyons's request for admission has two parts: that Casolori wrote a disciplinary report and that it caused Lyons's transfer. If Casolori knows the answer to either part or can readily obtain it—such as by reviewing disciplinary report DOC 0317 IDR, transfer paperwork, or a record of Lyons's disciplinary hearing—Casolori must address that portion of the request accordingly.

As such, the Court **GRANTS** Lyons's Motion to Compel as to RFA #4 and directs Casolori to **AMEND** his response accordingly.

*B. RFA #3*

> *Directed to Defendant Wise*: **"Admit: I worked in both housing units 1 and 7 from the years 2021 through 2022 while Plaintiff was incarcerated at Lawrence Correctional Center during those relevant times, specifically on August 16, 2022 in 7 housing unit and on September 29, 2022 in 7 housing unit."**

Wise responded that he could not recall where he was assigned on particular days in 2022 but that the relevant "[r]ecords have been requested, and this response will be supplemented when these records are received." (*Id.*).

In his motion to compel, Lyons notes that Wise's response was never updated as promised. He also states that shift rosters, like those provided to him for September 29, 2022, should be sufficient to establish the requested information. (Doc. 154, p. 3). As such, it seems that Lyons already has information regarding Wise's shift on September 29.

As for Wise's shift assignment on August 16, the Court **GRANTS in part** Lyons's Motion to Compel as to RFA #3 and directs Wise to **AMEND** his response regarding his shift assignment on August 16, 2022.

*C. RFA #1(B)*

> *Directed to Defendant Fitzjarrald*: **"I was responsible for providing casework and counseling services to Plaintiff, which included assisting with concerns related to housing, programming, documentation, and the institutional adjustment from April 2022 through July 2022."**

Fitzjarrald objects that this request is overbroad and irrelevant to Lyons's First Amendment retaliation claim. She also states that the phrases "case work and counseling service" and "housing, programming, documentation, and the institutional adjustment" are vague and undefined. (Doc. 157, p. 6).

In his motion, Lyons contends that this request is relevant because "[t]his matter is based on plaintiff writing his grievances and him complaining that Fitzjarrald was not doing her clinical duties which contain the exact same language she responded to." (Doc. 154, p. 3). The Court agrees with Lyons. Whether Fitzjarrald was fulfilling her

duties bears on the factual basis for Lyons's grievances, which are central to his claim. Further, the terminology used in the request appears standard. *See Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 1165089, at *4 (N.D. Ill. Mar. 25, 2021) ("a party responding to a request for admission is required to use reason and common sense in interpreting phrases used in the request") (quotations omitted). Further, Defendant Fitzjarrald cannot claim she does not understand the meaning of "counseling" when she admits that she was Lyons's "correctional counselor." (Doc. 154, p. 1).

As such, the Court **GRANTS** Lyons's Motion to Compel as to RFA #1(B) and orders Fitzjarrald to **AMEND** her response accordingly. If any terms is unclear to Fitzjarrald, the Court encourages her to seek clarification from Lyons or to respond with her understanding of the term and answer on that basis.

*D. RFA #1(E)*

> *Directed to Defendant Fitzjarrald*: **"Plaintiff wrote grievances on me for not providing him clinical services amongst other issues he had during his incarceration at Lawrence C.C." (Doc. 157, p. 7).**

Fitzjarrald objects that the request is "not limited in time and scope, overly broad, and unduly burdensome" because no timeframe is stated. She also objects because the phrases "providing him clinical services" and "amongst other issues" are vague.

The Court disagrees that the request is unbounded—Lyons specifies the timeframe as "during his incarceration at Lawrence C.C." (Doc. 157, p. 7). Moreover, the term "clinical services" is an ordinary one that can be understood through common sense.

The Court does agree, however, that the phrase "amongst other issues" is unclear. As such, the Court **GRANTS in part** Lyons's Motion to Compel as to RFA #1(E).

Defendants are directed to amend their answer to respond to the request but may disregard the phrase "amongst other issues." If any term is unclear to Fitzjarrald, the Court encourages her to seek clarification from Lyons or to respond with her understanding of the term and answer on that basis.

## CONCLUSION

For these reasons, the Motion to Compel filed by Plaintiff Lyons (Doc. 154) is **GRANTED** in part, **STAYED** in part, and **DENIED** in part.

**IT IS SO ORDERED.**

**DATED: October 26, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**